[Civ. No. 10317.   Second Appellate District, Division Two.—September 19, 1935.]

GIUSEPPE CRESTETTO, Respondent, v. LANG TRANS-PORTATION COMPANY, (a California Corporation) et al., Appellants.

George H. Moore and Gerald O'C. Egan for Appellants.

Henry E. Bianchi for Respondent.

FRICKE, J., *pro tem.*—Appellants appeal from a judgment allowing damages for personal injuries. Shortly before noon on February 3, 1934, the automobile of respondent, while proceeding easterly on the south side of Fifty-fifth Street in the city of Vernon, was struck near the southwest corner of the intersection by a truck operated by appellants and proceeding southerly on the west side of Santa Fe Avenue. Appellants argue in ultimate effect that the weight of evidence shows contributory negligence and an absence of negligence in the opertion of the truck. ■ The weighing of testimony is a function of the trial court. On appeal the question is merely whether there be in the record any substantial evidence to support the verdict or findings, and if there be, the verdict or findings are conclusive on appeal.

■ Appellants have not, as required by the rule, printed either "in their briefs or in a supplement appended thereto such portions of the record as they desire to call to the attention of the court", other than the medical testimony relative to the nature and extent of respondent's injuries. We have, however, examined the evidence. The statement of appellants to the contrary notwithstanding, there is evidence that respondent did make a boulevard stop before entering the intersection and that, at that time, the truck of appellants was 125 to 150 feet away; that respondent's Ford car had proceeded about 25 feet into the intersection and was going at the rate of 7 or 8 miles an hour when it was hit by the truck; that the speed of appellants' truck was increased between the time it entered the intersection and the collision, and there is evidence fixing the speed of the truck as high as 35 miles per hour. The record presents the customary conflict of evidence in which the court, sitting without a jury, believed the evidence favoring the cause of the plaintiff, and its conclusion that appellants were liable for damages caused solely by their negligence, supported as it is by evidence, is therefore not reviewable here.

Appellants also contend that the allowed damages of $5,000 is excessive. The court found that the damage to respondent's automobile amounted to $250, that he incurred indebtedness for medical and nursing services in the sum of $375 and that his earnings had been $140 a month. The personal injuries suffered were two fractured ribs, a crushing of the chest, external and internal abrasions and intercostal neuralgia which developed therefrom; that he suffered severe pain and, in the opinion of his medical attendant, was unable to return to his work for four months. The evidence of this physician was evidently believed by the trial court, and we are not here concerned with the other medical testimony which the court chose not to follow. Respondent himself testified at the trial on November 13, 1934, that he still suffered pain in the region of the heart when working hard at night. We do not find in the record such a condition of facts as would warrant this court in declaring the amount of damages allowed to be excessive.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.